NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5713-14T4
 A-5297-15T4
SAMAR A. SOUFANATI,

 Plaintiff-Respondent/
 Cross-Appellant,

v.

ABELHAMID S. SOUFANATI,

 Defendant-Appellant/
 Cross-Respondent.
______________________________

SAMAR A. SOUFANATI,

 Plaintiff-Respondent,

v.

ABELHAMID S. SOUFANATI,

 Defendant-Appellant.
_____________________________________________________

 Argued (A-5713-14) and Submitted (A-5297-15)
 August 15, 2017 – Decided October 6, 2017

 Before Judges Messano and Sumners.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Passaic
 County, Docket No. FM-16-0748-12.
 Santo J. Bonanno argued the cause for
 appellant/cross-respondent in A-5713-14 (Mr.
 Bonanno, on the briefs in A-5713-14 and A-
 5297-15).

 Kevin B. Kelly argued the cause for
 respondent/cross-appellant in A-5713-14
 (Seton Hall University School of Law Center
 for Social Justice, attorneys; Mr. Kelly, of
 counsel and on the brief).

 Respondent has not filed a brief in A-5297-
 15.

PER CURIAM

 We calendared these appeals back-to-back and now consolidate

them to issue a single opinion. Plaintiff Samar A. Soufanati and

defendant Abelhamid S. Soufanati married in 1999 and had three

children born in 2001, 2003 and 2005. Following trial in November

2012, the Family Part entered a final judgment of divorce (JOD)

awarding defendant custody of the three children, ordering

plaintiff to pay $40 per week in child support for all three

children and ordering defendant to pay plaintiff $300 per week in

rehabilitative alimony for three years.

 Post-judgment motion practice began almost immediately,

resulting in the denial of defendant's motion to terminate alimony

based on an alleged change in circumstances. We affirmed the

trial court's orders on appeal in an unpublished opinion.

Soufanati v. Soufanati, No. A-3988-12 (App. Div. Apr. 8, 2014).

 2 A-5713-14T4
 In July 2014, defendant again moved to terminate alimony and

to increase child support. Plaintiff cross-moved, seeking primary

residential custody of her two youngest children, enforcement of

defendant's alimony obligations and recalculation of child support

pursuant to the Child Support Guidelines (the Guidelines). The

judge's September 30, 2014 orders reduced defendant's alimony

obligations to $75 per week, plus $35 per week toward arrears,

increased child support to $175, and ordered a plenary hearing on

custody.1 In the court's December 2014 order on plaintiff's motion

for reconsideration, the judge ordered a plenary hearing on

"alimony, child support, parenting time and custody." The hearing

took place in February and April 2015.

 In his June 5, 2015 order (the June 2015 order) that

accompanied his written decision, the judge summarized the

testimony of plaintiff, defendant, defendant's employer and two

social workers who counseled the children.2 He found "[n]othing

of any significance ha[d] changed" since entry of the JOD. The

judge noted that plaintiff had "improved her economic picture by

completing her education, receiving her de[g]ree and getting a

job," but that this was not "dispositive of the issue of custody."

1
 One of the orders increased child support, the other postponed
a decision until after the plenary hearing.
2
 Defendant has not provided transcripts of the hearing.

 3 A-5713-14T4
 The judge noted plaintiff's relationship with her eldest

daughter was "a very difficult project, in progress." He found

that both plaintiff and defendant "express[ed] great reluctance

at splitting the children up [with] the two younger ones coming

[to live] with plaintiff and [the eldest] staying with the

defendant." He denied plaintiff's motion for a change of

residential custody and ordered child support of $161 per week in

accordance with the Guidelines' sole parenting worksheet.

 Both parties moved for reconsideration. Plaintiff argued the

judge failed to address other issues in dispute at the plenary

hearing, including the September 2014 reduction of defendant's

alimony obligations and which party could claim the children as

tax exemptions. Defendant opposed the motion, arguing it was

untimely. He also cross-moved seeking an adjustment of the

parenting time schedule, clarification as to whether his alimony

obligation has "ended as plaintiff no longer need[ed]

rehabilitation" and recalculation of child support as a result.

 At oral argument on the motions, the judge acknowledged an

error in his previous calculations under the Guidelines.

Recognizing the parties alternated year to year as to the number

of children claimed as dependents, the judge generated two

worksheets and averaged the child support obligation. The judge

stated he reduced defendant's alimony obligation because plaintiff

 4 A-5713-14T4
had made significant progress in her education and employment, and

he rejected her request to "extend the term." He filed two orders

on July 24, 2015 (the July 2015 orders), which we review in A-

5713-14 and plaintiff's cross-appeal. The orders continued

defendant's alimony obligation at $75 per week, ordered plaintiff

to pay child support of $138 per week and denied defendant's

request to have alternating weekend parenting time.

 Initially, we emphasize that only the July 2015 orders are

before us. See R. 2:4-1 (requiring appeals from final judgments

be taken within forty-five days of their entry). "[T]he timely

filing and service of a motion . . . for rehearing or

reconsideration . . . pursuant to R. 4:49-2" tolls the running of

the 45-day limit. R. 2:4-3(e). Here, however, plaintiff's motion

for reconsideration was filed no earlier than June 29, 2015,

twenty-four days after the judge's order that followed the plenary

hearing, and defendant's opposition and cross-motion was seemingly

filed on July 6, 2015, thirty days after the order following the

hearing was filed.

 The judge decided the motions for reconsideration on July 24,

2015. Defendant's appeal was not filed until August 17, 2015,

twenty-four days later. As a result, any appeal from the earlier

June 2015 order is untimely. Additionally, defendant's notice of

appeal only lists the July 24, 2015 order. See Fusco v. Bd. of

 5 A-5713-14T4
Educ. of City of Newark, 349 N.J. Super. 455, 461-62 (App. Div.)

(citations omitted), certif. denied, 174 N.J. 544 (2002) (only

orders listed in the notice of appeal are subject to review).

 Defendant argues the judge should have terminated alimony

earlier because plaintiff no longer needed rehabilitative alimony.

In her cross-appeal, plaintiff argues that the judge erred in

reducing the alimony award.

 "Rehabilitative alimony is a short-term award for the purpose

of financially supporting a spouse while he or she prepares to

reenter the workforce through training or education." Gnall v.

Gnall, 222 N.J. 414, 431 (2015) (citing Lepis v. Lepis, 83 N.J.

139, 162 (1980)). N.J.S.A. 2A:34-23(b)(d) requires the court to

consider a number of factors in setting any alimony award or in

modifying an existing award, including modification of an award

of rehabilitative alimony. See Crews v. Crews, 164 N.J. 11, 34

(2000).

 Regarding the issue of alimony, we do not treat the July 2015

orders as decisions made on reconsideration. It is clear from the

record that the judge ordered a plenary hearing to resolve the

alimony dispute. In his written decision following the hearing,

the judge cited the testimony of plaintiff and defendant regarding

their current financial circumstances. At the time, an interim

order had reduced defendant's alimony payments to $75 per week.

 6 A-5713-14T4
Following the hearing, the judge left this figure unchanged,

although his June 2015 order made no mention of alimony.

 In her motion for reconsideration, plaintiff again objected

to the reduction but furnished no new information. Defendant's

certification merely asked the court for "clarification of whether

or not [his] alimony [obligation was] ended."

 As already noted, defendant failed to furnish any transcripts

from the plenary hearing. In response to a motion by plaintiff

objecting to the continued prosecution of this appeal, a panel of

our colleagues entered an order on January 26, 2016, that provided

for dismissal of the appeal if the merits panel determined

"transcripts [were] necessary for [our] review." We conclude

transcripts of the plenary hearing are necessary to consider this

aspect of the appeal and plaintiff's cross-appeal. Simply put,

without the transcripts of the plenary hearing, we are in no

position to assess whether the judge's decision to modify the

alimony award was a reasonable exercise of discretion based upon

consideration of the appropriate statutory factors. We affirm the

July 2015 orders regarding defendant's alimony obligations.3

 Defendant next contends it was error not to grant him

alternate weekend parenting time. Under prior orders, plaintiff

3
 Defendant's alimony obligations ceased in fall 2015.

 7 A-5713-14T4
was awarded weekend parenting time with the two youngest children

because at that time defendant worked every weekend. In his

written decision following the plenary hearing, the judge did not

expressly address the issue, except to find that the two children

"enjoy[ed] the time they spend with their mother," and "loved

their father very much as well." The June 2015 order denied

plaintiff's motion for a change in custody of the two children but

did not address any modification of defendant's parenting time.

 We gather from the judge's written decision, in which he

summarized the counselors' testimony, that he was unpersuaded

defendant's lack of weekend visitation was negatively affecting

any of the children. In the certification supporting his cross-

motion for reconsideration, defendant argued his eldest daughter

missed spending weekend time with her two siblings and that changes

in his employment routine warranted a change in weekend parenting

time. He presented nothing further to support these claims.

 Reconsideration is left to the sound discretion of the court

and "is not appropriate merely because a litigant is dissatisfied

with a decision . . . or wishes to reargue a motion." Palombi v.

Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010).

Reconsideration is warranted when the court "expressed its

decision based upon a palpably incorrect or irrational basis."

 8 A-5713-14T4
Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch.

Div. 1990)).

 Where a prior court order exists specifying the terms of

residential custody and parenting time, as was the case here, a

parent seeking to alter those terms has the burden of demonstrating

changed circumstances that have affected the children and would

justify such alteration. Hand v. Hand, 391 N.J. Super. 102, 105

(App. Div. 2007). We cannot conclude the judge, who actually

heard the testimony of the parties and the treating counsellors,

erred in denying any modification, and he certainly did not abuse

his discretion by refusing to reconsider the decision in light of

the lack of any additional evidence offered by defendant.

 Lastly, defendant contends the judge based his child support

award upon the erroneous factual finding that the parties' oldest

daughter, who is estranged from plaintiff, is a "visiting child"

for purposes of calculating the Guidelines. Plaintiff's motion

for reconsideration specifically argued the judge had applied the

wrong worksheet, i.e., the sole parenting worksheet, for

calculating support from the Guidelines following the plenary

hearing. Defendant's certification did not challenge the child

support award of $175 in the June 2015 order.

 At oral argument on the reconsideration motions, the judge

immediately recognized his earlier error, recalculated the

 9 A-5713-14T4
guidelines and directed his staff to make copies and circulate

them. The judge credited plaintiff with 104 overnights, i.e.,

every weekend night for the entire year, and did not differentiate

between the two youngest children and the parties' oldest daughter

who never spent an overnight with plaintiff. However, defendant

never objected to the Guidelines worksheet at the hearing even

though it resulted in a reduction of plaintiff's child support

payments as she had requested.

 "The trial court has substantial discretion in making a child

support award. . . . If consistent with the law, such an award

'will not be disturbed unless it is "manifestly unreasonable,

arbitrary, or clearly contrary to reason or to other evidence, or

the result of whim or caprice."'" Foust v. Glaser, 340 N.J. Super.

312, 315-16 (App. Div. 2001) (citations omitted) (quoting Raynor

v. Raynor, 319 N.J. Super. 591, 605 (App. Div. 1999)). Child

support awards, including modifications, shall be made in

accordance with the Guidelines and supplemented with consideration

of the statutory factors contained in N.J.S.A. 2A:34-23. Pascale

v. Pascale, 140 N.J. 583, 593 (1995). However, "'[t]he key to

both the [G]uidelines and the statutory factors is flexibility and

the best interest of children.'" Caplan v. Caplan, 182 N.J. 250,

266 (2005) (first alteration in original) (quoting Pascale, supra,

140 N.J. at 594).

 10 A-5713-14T4
 On appeal, defendant offers a three-sentence argument that

the judge erred by not differentiating between the eldest daughter

and the other two children on the shared parenting Guidelines

worksheet. He fails to explain what the proper calculation should

have been, except to say that he would have received a larger

award. "We will not consider mere conclusory statements by the

brief writer." Freeman v. State, 347 N.J. Super. 11, 32 (App.

Div. 2002) (citing Miller v. Reis, 189 N.J. Super. 437, 441 (App.

Div. 1983)). Nor will we determine based on this argument that

the judge's decision was necessarily a mistaken exercise of

discretion.

 In sum, we affirm the July 2015 orders that are the subject

of A-5713-14 and plaintiff's cross-appeal.

 Defendant's appeal in A-5297-15 arises from events that

occurred approximately one year later, in July 2016. Plaintiff

moved for a temporary change in custody of the parties' younger

daughter, enforcement of prior orders compelling defendant to

cooperate with counsellors and payment of defendant's share of

camp expenses for the two youngest children. Defendant cross-

moved seeking reimbursement of expenses for the children's

extracurricular activities, recalculation of child support and

counsel fees.

 11 A-5713-14T4
 Defendant's certification cited specific examples of extra-

curricular expenses for the three children and requested plaintiff

contribute 50%, or $381. Defendant's certification provided no

information regarding his current income and only asked the judge

to order plaintiff to bring her latest pay stubs to court because

she refused to provide them voluntarily.

 After considering oral argument, the judge observed that

defendant had not "shown . . . anything to lead [the judge] to

recalculate child support, at this point." The judge found

defendant failed to demonstrate "a change in circumstances . . .

in any way." He denied defendant's request for reimbursement of

extra-curricular expenses, concluding they were "included in child

support" in accordance with the Guidelines. The judge denied

counsel fees to both parties.

 Defendant argues the judge erred in not recalculating child

support, not awarding reimbursement of extra-curricular

activities, yet awarding plaintiff reimbursement for camp

expenses, and not awarding counsel fees.4 These arguments lack

4
 Defendant's brief includes information obtained from plaintiff
after entry of the July 2016 order under review. Defendant never
sought leave to supplement the record and we do not consider this
information submitted in violation of the Rules. Moreover,
defendant failed to cite a single legal authority in his brief,
and, although each argument was framed with an appropriate point
heading, the entire argument for all three points raised is less
than two pages and contains nothing but conclusory statements.

 12 A-5713-14T4
sufficient merit to warrant discussion in a written opinion. R.

2:11-3(e)(1)(E).

 Affirmed in A-5297-15.

 13 A-5713-14T4